**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gary E. HALLMAN,**
**Defendant-Appellant.**

**No. 78–1385.**

United States Court of Appeals,
Ninth Circuit.

March 28, 1979.

Bruce I. Hochman (argued), of Hochman, Salkin & DeRoy, Beverly Hills, Cal., for defendant-appellant.

Mark O. Heaney, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE and ANDERSON, Circuit Judges, and INGRAM,* District Judge.

PER CURIAM:

Gary E. Hallman, hereinafter called appellant, appeals from his conviction after trial by court of violation of Title 26, U.S.C. § 7201, income tax evasion.

Reversal is urged on the basis that the Government failed to meet its burden of proof in establishing adequately appellant's

---

* The Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation.

opening net worth for each of the years in question. Specifically, appellant contends that the Government's proof was deficient in three areas:

1) There was a failure to consider and investigate the opening net worth of appellant's wife in establishing appellant's net worth;

2) There was an insufficient investigation in making the computation of cash on hand in establishing the opening net worth figure;

3) There was an insufficient investigation in making the determination with respect to appellant's securities or the proceeds of the sale thereof in establishing the opening net worth figure.

We affirm the conviction.

In contending that the Government's determination of opening net worth is defective because it failed to take into account the net worth of his wife, appellant relies upon *United States v. Meriwether*, 440 F.2d 753 (5th Cir. 1971). That case holds that the Government must, in establishing its net worth theory, show with reasonable certainty a definite opening net worth of the joint income of the taxpayer and his spouse. The Government contends, correctly we believe, that it had no obligation to prove the spousal net worth because of the absence of any evidence that Mrs. Hallman had significant earnings, and because a stipulation of fact entered into between the parties expressly provided that appellant received no gifts, loans, inheritances or any other kind of non-taxable receipts during the calendar years 1969, 1970 and 1971. In addition, appellant furnished no "leads" to the Government explanatory of the source of any assets possessed by him.

■ Thus, the issue here presented is whether the Government must establish the net worth of the spouse of the taxpayer as a part of its *prima facie* case, or whether the Government's duty to investigate spousal assets arises under its obligation to negate reasonable explanations or leads furnished by the taxpayer. This court's decision in *Talik v. United States*, 340 F.2d 138

(9th Cir. 1965) and *United States v. Chikata*, 427 F.2d 385 (9th Cir. 1970) appear to support the latter interpretation. In the latter case, the court found that no claim had ever been asserted that spousal assets in any way contributed to the net worth of the taxpayer, and that it was not error to fail to instruct the jury to consider the spousal net worth as well as taxpayer's net worth. In the former case, the court indicated that a substantive question in a joint return case is whether a summation based on the net worth theory took account of spousal assets at the beginning of the taxable years for which the joint returns in issue were filed. The court then concluded that the existence of spousal assets is the proper subject of a lead, and that without such a lead the Government could not be required to negate every possible source of non-taxable income. Thus, the trend of decision in this Circuit supports the conclusion that proof of spousal net worth is not a part of the Government's *prima facie* case, but rather falls under its obligation to negate explanations and leads. Notwithstanding appellant's novel argument based on *Lenske v. United States*, 383 F.2d 20 (9th Cir. 1967), we do not agree that the possibility of a new wife bringing substantial assets to a marriage is itself *per se* a lead, of equal dignity to one furnished by the taxpayer.

■ In short, we feel that evidence of the receipt of no funds from non-taxable sources as reflected in the stipulation of facts, no evidence of substantial earnings on the part of the spouse, and no leads do not require the Government, in the words of *Talik*, "[to] hypothesiz[e] them (spousal assets) out of nothing."

■ Appellant also contends that the Government's proof of opening net worth was deficient because its proof of no cash on hand at the times in question was based upon a purported uncorroborated admission contained in a financial statement filed by appellant with a bank at a time prior to the investigation conducted by the Internal Revenue Service. In that statement, appellant made no express representation that he

had no cash on hand, but rather left blank the spaces provided for revealing that information. We agree with the Government's contention that the corroboration rule applies only to confessions or admissions made in the course of the commission of the offense or in the course of investigation. *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); *United States v. Bianco*, 534 F.2d 501 (2nd Cir. 1976), *cert. denied*, 429 U.S. 822, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976); *Fowler v. United States*, 352 F.2d 100 (8th Cir. 1965), *cert. denied*, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

In addition to the bank statement, there was other evidence of financial difficulties, loan renewals and overdrawn checking accounts which constitute a totality of circumstances consistent with the position of the Government.

Appellant contends finally that the Government did not conduct an investigation adequate to support its determination that appellant owned no securities at the net worth starting point. The evidence was that all of appellant's prestarting point securities had been disposed of except two stocks which could not be traced. The Government with commendable candor concedes that appellant should have been credited with the ownership of those two stocks, but convincingly demonstrates that their inclusion as assets as of the opening date would not have materially altered the net worth computation.

Finding no material deficiency in the Government's method of proof or in its underlying investigation, we affirm.